IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONNY STEELE and AMLA W. STEELE,<br><br>    Plaintiffs,<br><br>  v.<br><br>FIRST MAGNUS FINANCIAL<br>CORPORATION, et al.,<br><br>    Defendants. | No. 12-cv-05054 RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I.   INTRODUCTION

Plaintiffs filed a Second Amended Complaint ("SAC") for damages and injunctive relief arising from an alleged threatened foreclosure of their home. The SAC asserts ten claims for relief that are substantially similar to the ten claims brought in the previously dismissed First Amended Complaint ("FAC"). Defendants Bank of America and Mortgage Electronic Registration Systems, Inc. ("MERS") bring this motion to dismiss for lack of standing, failure to state a claim upon which relief can be granted, and the applicable statutes of limitations. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for decision without oral argument and is submitted accordingly. For the following reasons, defendants' motion to dismiss is granted, without leave to amend.

## II. BACKGROUND[1]

Plaintiffs obtained a loan in the amount of $500,000 under the subject Deed of Trust, secured by the real property located at 1288 Miller Avenue, South San Francisco, California. The Deed of Trust specifies the Lender is First Magnus Financial Corporation, the Trustee is Financial Title Company, and the Beneficiary is MERS. Mot. Ex. A. MERS granted, assigned, and transferred all beneficial interest in the Deed of Trust to ING Bank under a Corporation Assignment of Deed of Trust in 2012. Mot. Ex. B. Plaintiffs claim the assignment of the Deed of Trust is void as a result of fraud and lack of capacity on the part of MERS to execute a valid assignment, and they contest the evidence of the transfer. As a result, plaintiffs assert they are the true owners of the Deed of Trust. While plaintiffs are in default, defendants have not issued a notice of default or notice of trustee's sale.

Plaintiffs' FAC was dismissed with leave to amend. In the SAC, plaintiffs assert substantially similar claims, seeking: (1) Quiet Title; (2) Declaratory Relief; (3) Preliminary and Permanent Injunction; (4) Cancellation of Instruments; (5) Violation of California Civil Code § 2934(A)(1)(A); (6) Violation of the Truth in Lending Act; (7) Violation of the Real Estate and Settlement Procedures Act; (8) Failure to comply with conditions precedent in the Deed of Trust; (9) Unjust Enrichment; and (10) Constructive Fraud. The new assertions in the SAC primarily concern whether the named defendants are valid beneficiaries of the Deed of Trust, contending that any transfer to ING Bank would be invalid if it did not occur prior to First Magnus going out of business in 2008. Defendants move to dismiss the SAC on the grounds that (1) plaintiffs lack standing to bring the claims; (2) the complaint fails to state a claim upon which relief can be granted; and (3) the claims are time-barred by the applicable statutes of limitations.

## III. LEGAL STANDARD

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) is evaluated for plausibility. While "detailed factual allegations are not required," a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A

---

[1] Unless otherwise indicated, the following facts are taken from plaintiffs' SAC and must be accepted as true for the purposes of this motion.

claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, all material allegations in the pleadings are accepted as true, even if doubtful, and construed in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 555-56. "[C]onclusory allegations of law and unwarranted inferences[,]" however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 663 ("[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements[,]" are not taken as true). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### IV.   DISCUSSION

A. Evidence of Transfer.

Plaintiffs present a technical argument that an ambiguous chain of title nullifies the obligation owed to defendant ING Bank, the current beneficial interest holder. They assert there is no evidence the beneficial interest was legally transferred to any named defendant prior to First Magnus going out of business in 2008. They no longer dispute their obligation to make payments to the party entitled to receive them, but rather contend "[d]efendants have failed to show if any of them have that right." SAC ¶ 4.

While plaintiffs continue to challenge the validity of MERS's transfer of its beneficial interest in the Deed of Trust, ING Bank's receipt of that beneficial interest in 2012 is not reasonably in dispute.[2] In dismissing the FAC, it was noted that a challenge to the securitization process is allowed to proceed only when plaintiffs allege specific harm resulting from assignment of the Note. *See* Dkt. 27, 4. Plaintiffs continue to allege improper procedures without averring specific harm that resulted from the Note's assignment. In that circumstance, a "plaintiff lacks standing to challenge

---

[2] As noted in dismissing the FAC, judicial notice of this transfer is appropriate, as the fact of the transfer of the beneficial interest from MERS to ING Bank is not reasonably in dispute. *See* Dkt. 27, 2; Mot. Ex. B.

the process by which his mortgage was (or was not) securitized because he is not a party to the PSA." *Armeni v. Am.'s Wholesale Lender*, 2012 WL 603242 (C.D. Cal. Feb. 24, 2012).

Technical arguments such as those in plaintiffs' SAC have generally been rejected as a basis to invalidate the legal right to exercise the power of sale in a non-judicial foreclosure. *See, e.g.*, *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust"); *Mulato v. WMC Mortgage Corp.*, No. C 09-03443 CW, 2010 WL 1532276 at *2 (N.D. Cal. Apr. 16, 2010) (same). Courts have "summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool." *Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009). In fact, plaintiffs' arguments are at odds with the Restatement on the subject, which states,

> It is conceivable that on rare occasions a mortgagee will wish to dissociate the obligation and the mortgage, but that result should follow only upon evidence that the parties to the transfer so agreed. The far more common intent is to keep the two rights combined. Ideally a transferring mortgagee will make that intent plain by executing to the transferee both an assignment of the mortgage and an assignment, indorsement, or other appropriate transfer of the obligation. But experience suggests that, with fair frequency, mortgagees fail to document their transfers so carefully. This section's purpose is generally to achieve the same result even if one of the two aspects of the transfer is omitted.

Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997). The Restatement thus makes clear that such careless transfers and assignments will not affect the validity of the underlying debt and security.

Plaintiffs' assertions regarding the ambiguous chain of title present a similar technical argument. In a recent foreclosure case, a borrower asserted that subsequent to the loan closing, ownership of the promissory note and deed of trust changed and no clear chain of ownership existed. *Roque v. Suntrust Mortgage, Inc.*, No. C-09-00040 RMW, 2010 WL 546896, *1 (N.D. Cal. Feb. 10, 2010). The court noted that "[u]niformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is

required." *Id.* at *3. Similarly, it is immaterial whether ING Bank produces evidence regarding the chain of ownership, as its current beneficial interest is clearly established.

Plaintiffs provide no legal authority for their assertion that the transfer is invalid if it did not occur prior to First Magnus going out of business, or that they were legally entitled to receive notice of the transfer. Lenders generally are permitted to transfer a debt without notifying the borrower, and assignments of the beneficial interest in a debt commonly are not recorded. *See Herrera v. Fed. Nat. Mortgage Ass'n*, 205 Cal. App. 4th 1495, 1506 (2002). Furthermore, plaintiffs consented to receive no notice of the transfer, included as an express term in the Deed of Trust. *See* Mot. Ex. A, 11 ("The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."). Accordingly, lack of notice is insufficient to provide a basis for plaintiffs' claims.

Plaintiffs' new averments continue to rely on technical issues related to the chain of title. This Court's prior order made clear that such reliance is insufficient to state a claim. It therefore appears that further amendment would be futile. Accordingly, Claims One, Two, Four, Five, Six, and Nine, which solely arise out of the securitization process, are dismissed without leave to amend.

B. Injunctive Relief.

Plaintiffs' identical claim for injunctive relief was stricken without leave to amend from the FAC. As previously noted, injunctive relief is a remedy, not a claim for relief. Accordingly, Claim Three is dismissed without leave to amend.

C. RESPA.

Plaintiffs fail to state a claim under RESPA, as they are unable to show they submitted a Qualified Written Request to defendants. *See* 12 U.S.C. § 2605(e); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1196 (E.D. Cal. 2010) (dismissing a RESPA claim under § 2605 where plaintiff failed to show submission of a Qualified Written Request). Nevertheless, plaintiffs assert disclosure was required for information related to the servicing of the loan, irrespective of whether they submitted a Qualified Written Request. The code provision upon which they rely, however, addresses the loan servicer's obligation to respond to a written notice of error from the borrower. 12 U.S.C. § 1024.35 ("A servicer shall comply with the requirements of this section for

any written notice from the borrower that asserts an error . . . [such as f]ailure to transfer accurately and timely information relating to the servicing of a borrower's mortgage loan account to a transferee servicer."). Plaintiffs do not plead they submitted any form of written request to any defendant. Moreover, this provision deals with notification related to the servicing of the loan, not transfers of the beneficial interest at issue here. Defendants were not required to notify them of the beneficial interest transfer, as discussed above.

Plaintiffs' RESPA claim also fails for two additional reasons. Congress enacted RESPA to protect home buyers in the home purchasing process, covering settlement issues and the servicing of mortgage loans. *Tamburri v. Suntrust Mortgage, Inc.*, 875 F. Supp. 2d 1009, 1012 (N.D. Cal. 2012). Plaintiffs' assertions, however, relate to changes in the beneficial interest holder, not settlement or servicing of the loan. Plaintiffs cannot state a claim under RESPA through averments unrelated to the statutory provisions. *See id.* at 1014 (dismissing a RESPA claim based on purported damages from not receiving information on the loan's ownership, reasoning "RESPA is not designed to cover disputes over the ownership and validity of a loan"). Additionally, as RESPA does not provide for injunctive relief, a plaintiff must aver cognizable damages to sustain a claim. *See id.* at 1013-14 ("Plaintiff's statement that she was harmed by not knowing the true owner of Note . . . is insufficient to allege the pecuniary harm required by the statute."). Plaintiffs, however, fail to aver cognizable damages resulting from their lack of notice. As plaintiffs continue to be unable to plead facts sufficient to sustain a claim under RESPA, Claim Seven is dismissed without leave to amend.

D. Violations of Conditions Precedent.

Plaintiffs assert defendants failed to meet conditions precedent in paragraphs 22 and 23 of the Deed of Trust. First, they aver defendants did not afford plaintiffs the opportunity to cure the default prior to transfer, and that since no Notice of Default was recorded due to the absence of a lawful transfer, defendants were unjustly enriched. Second, they assert defendants failed to reconvey the property in violation of the reconveyance provision.

Plaintiffs have not averred facts that would constitute a breach of the conditions in paragraphs 22 or 23. Paragraph 22 provides for notice prior to acceleration of the loan following the

borrower's breach. Facts regarding the transfer of the beneficial interest to ING Bank, however, are entirely unrelated to whether plaintiffs were given the opportunity to cure the default prior to acceleration. Paragraph 23 provides for reconveyance following the payment of all sums secured by the Deed of Trust. As plaintiffs do not aver they paid the sums owed, they have not pleaded factual circumstances that would make failure to reconvey the property a breach of these provisions. Having failed to amend this claim despite being given the opportunity to do so, it appears further amendment would be futile. Accordingly, Claim Eight is dismissed without leave to amend.

E. Constructive Fraud.

Plaintiffs assert defendants acted with malice and ill will with clear intent to defraud. A claim of constructive fraud, like a claim of fraud, is subject to heightened pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure. *Guerrero v. Greenpoint Mortgage Funding, Inc.*, 403 Fed. App'x 154, 156 (9th Cir. 2010). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Claims of fraud must be "specific enough to give defendants notice of the particular misconduct" averred, and they "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citations omitted). Assertions that do not meet this standard are stripped from the claim for failure to satisfy Rule 9(b). *Id.*

Plaintiffs' averments do not provide a sufficient factual basis to sustain a fraud claim under Rule 9(b). Plaintiffs amended their claim of constructive fraud to include a conclusory statement that defendants actions are "patently fraudulent" and to challenge the sufficiency of defendants' evidence that they hold a valid beneficial interest. Conclusory statements of law, however, are insufficient to state a claim. *Epstein*, 83 F.3d at 1140. While plaintiffs do not aver any connection between the chain of title and their claim for fraud, even had they done so, ambiguities in the chain of title do not support a claim for relief, for the reasons discussed above. The continued lack of specificity averred in the SAC reveals further amendment would be futile. Accordingly, and incorporating the reasons articulated in the dismissal of the FAC, Claim Ten is dismissed without leave to amend.

## V.   CONCLUSION

To the extent the SAC relies on the same averments and arguments dismissed in the FAC, they are inadequate to state a claim for relief for the reasons provided in the previous order. *See* Dkt. 27. The additional averments, primarily dealing with the validity of ING Bank's beneficial interest, do not state a plausible basis for relief. Accordingly, defendants' motion to dismiss is granted without leave to amend. The hearing scheduled for August 22, 2013 is vacated, and the Clerk is instructed to close the case file.

IT IS SO ORDERED.

Dated: 8/7/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE